UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                11 CR 449 (SJ)

- against -

                                                MEMORANDUM &
                                                ORDER

CASSANDRA CEAN,

                                Defendant.
----------------------------------------------------------X
A P P E A R A N C E S:

LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Maria Cruz Melendez
         Margaret E. Gandy
Attorneys for the United States

FREEMAN, NOOTER & GINSBERG
75 Maiden Lane
Suite 503
New York, NY 10038
By:    Louis M. Freeman
Attorney for Cassandra Cean

JOHNSON, Senior District Judge:

       Presently before the Court is the Defendant's motion for reconsideration ("Motion for Reconsideration" or "Motion") of this Court's April 24, 2014

Memorandum and Order ("April 24 Order") denying the Defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure or, in the alternative, an evidentiary hearing. Based on the submissions of the parties, and for the reasons stated below, the Motion is DENIED.

## BACKGROUND

Although familiarity with the underlying facts and litigation history can be found in the April 24 Order, a brief description of the case's procedural posture is in order. On June 16, 2010, Cassandra Cean ("Defendant" or "Cean") was charged with conspiring to engage in wire fraud in connection to an alleged mortgage fraud scheme. The jury was sworn in on October 1, 2013. The matter proceeded to trial at which, on October 9, 2013, Cean was convicted of conspiracy to commit wire fraud and four counts of wire fraud. She was acquitted of one count of wire fraud.

On April 24, 2014, the Court denied the Defendant's Rule 33 Motion. On May 5, 2014, the Defendant timely filed a Motion for Reconsideration of the Court's April 24 Order. The Government opposed on May 7, 2014.

**DISCUSSION**

Although neither the Federal Rules of Criminal Procedure nor the Local Rules address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3 when addressing these types of motions. See United States v. James, No. 02–CR–778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007); see also United States v. Riley, 13-CR-339, 2014 WL 774630 (S.D.N.Y. Feb. 27, 2014). Local Rule 6.3 directs a party seeking reconsideration to concisely set forth "the matters or controlling decisions which counsel believes the Court has overlooked." The grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Liounis, 12-CR-350, 2013 WL 5596014 (E.D.N.Y. Oct. 11, 2013) (Glasser, J.). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is an opportunity, not to repeat arguments that

have already been considered by the court, but rather to bring overlooked matters to the court's attention.  Id.

Defendant argues that the Court should reconsider and reverse its April 24 Order because: (1) the Court made an "erroneous" assumption regarding the identity of Juror Number 6; (2) the Court misapprehended the prejudice inherent in allegedly dubious real estate ventures by Juror Number 6; (3) the Court misconstrued United States v. Langford, 990 F.2d 65 (2d Cir. 1993); (4) the Court overlooked or failed to address Juror Number 10's failure to disclose that she was studying for a real estate license; and (5) the Court failed to "heed the Second Circuit's admonitions regarding the need for an evidentiary hearing on post-verdict motions." (Def.'s Mot. for Reconsideration (Dkt. No. 191) at 2–3.)

The Court took all such information provided by the Defendant in her Rule 33 Motion into account when it rendered its April 24 Order.  Cean has not established that the Court overlooked any controlling law or committed clear error in its April 24 Order.  In fact, in her Motion for Reconsideration, the Defendant makes arguments, each of which largely rehash claims previously made in the Defendant's Rule 33 Motion. The Court fully considered, analyzed, and rejected these arguments in its April 24 Order.

With respect to Cean's argument that the Court misconstrued the Langford case, the Court carefully considered the case when it made its April 24

4

determination, and found that "[n]o evidence, either in the record or produced by Defendant in connection with this Motion, indicates that Juror Number 6 harbored any bias against the Defendant." (April 24 Order (Dkt. No. 188) at 9.)

Defendant now also points to United States v. Vitale, 459 F.3d 190 (2d Cir. 2006) in arguing that the court should have held a post-trial jury hearing in instances where "a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." However, a more complete reading of this section of Vitale, reveals that such a determination is at the discretion of the district court judge: "It is up to the trial judge to determine the effect of potentially prejudicial occurrences." 459 F.3d at 197 (citations omitted). The Court determined that no such nonspeculative impropriety existed which could have prejudiced the Defendant and which would provide reasonable grounds for a hearing. As such, this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case." Stoner v. Young Concert Artists, Inc., 11-CV-7279, 2013 WL 2425137 (S.D.N.Y. May 20, 2013) (alteration in original) (citations and internal quotation marks omitted).

In making her arguments, Defendant failed to point to any overlooked or misapprehended facts or law, any new evidence, or anything else that the Court might have overlooked. A motion for reconsideration is not a chance for a party to take a "second bite at the apple." Rafter v. Liddle, 288 Fed.Appx. 768, 769 (2d

Cir. 2008) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Consequently, Defendant is not entitled to the "extraordinary remedy" of reconsideration of this Court's April 24 Order. City of New York v. Milhelm Attea & Bros., Inc., 591 F. Supp. 2d 234, 236 (E.D.N.Y. 2008).

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the Defendant's Motion for Reconsideration is DENIED.

SO ORDERED.

Dated: May 8, 2014                              /s/
       Brooklyn, New York                 Sterling Johnson, Jr., U.S.D.J.