Cassandra Cean/79210-0539
Danbury Federal Prison Camp
33 1/2 Pembroke Road
Danbury, CT 06811

August 13, 2018

Via FedEx and Hand Delivery
The Honorable Sterling Johnson
United States District Court Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201



Re: United States v. Cassandra Cean
Criminal Docket No. 11-449(SJ)

Dear Judge Johnson:

Defendant respectfully requests permission to file the instant reply-letter in further support of Defendant's motion for full resentencing, filed on May 24, 2018; and in opposition to the Government's request for a conversion of Defendant's motion into a petition pursuant to 28 U.S.C. Section 2255. For the reasons that follow, Defendant respectfully submits that the Government's underlying conclusions are misplaced and that resentencing is warranted at this time.

I. Contrary to the Government's response, based on the procedural posture, a petition pursuant to section 2255 is not the appropriate vehicle and such a conversion is disfavored by the United States Supreme Court. After the remand of this case from the Second Circuit, the record reflects new evidence and facts which are undisputed by the Government, forming the valid basis of Defendant's request for full resentencing. Specifically, the Government provided the Court with evidence, during the MVRA hearings, confirming the fair market values of the properties used as credits against loss at Defendant's sentencing were incorrect. The fair market value for 55 Stillwell Place, Brooklyn, NY was proven to be no less than $380,000 as oppose to $241,000 and no less than $583,000 as oppose to $463,000 for 641 East 87th Street, Brooklyn, NY, representing a discrepancy of more than a quarter of a million dollars. See ECF DE 327 pgs. 8-9. This incorrect credits against loss was used to calculate Defendant's sentencing guidelines and fashion the terms of her imprisonment and restitution. See United States v. Hsu, 669 F.3d 112, 120 (2d Cir. 2012)(A sentencing decision is procedurally unreasonable when a district court..."rests its sentence on a clearly erroneous finding of fact [.]").

Next, the Eleventh Circuit named losses from America's Brokers Conduit ("ABC"), as plain error and prejudicial because forfeiture pursuant to 18 U.S.C. Section 982(a)(2) is not permitted for losses affecting non-FDIC financial institutions. At Defendant's sentencing, forfeiture was awarded for alleged losses to ABC, WMC, and Impac Funding Corporation*, all of whom are not FDIC insured entities and whom have been removed as victims post-remand. Foremost, based on the new record, on January 16,

2018, the Court adopted Magistrate Judge Reyes' Report and Recommendation, awarding $243,148.51 in restitution solely to Impac Secured Asset Series 2007-2 Trust. On April 26, 2017, the Government gave an "on the record" explanation of the proper procedure, to be expected by Defendant, for resentencing upon adoption of the magistrate's report and recommendation by the Court. ("And so once we hear from Your Honor that a report and recommendation has either been adopted or amended or some other order has been put into place, it is definitely our intention to make sure that you are here and present for any imposition of restitution."). See ECF DE 327 p.170. A section 2255 petition is unnecessary for the issues presented, and would serve little to no purpose. The new evidence post-remand uncovers errors that are plain and prejudicial (both affecting Defendant's substantial rights), which are undisputed here by the Government**.

II. Granting the Government's request for a conversion of Defendant's instant motion into a section 2255 petition would delay, without cause, the inevitable and justice, further violating Defendant's constitutional rights. Indeed, because of this possibility the United States Supreme Court in, the seminole case, Castro v. United States, provided guidance against recharacterization of motions:

> Even fully informed district courts that try their best not to harm pro se litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from the recharacterization. But if district courts are unable to provide this sort of protection, they should not recharacterize into first section 2255 motions at all. This option is available under the Court's opinion, even though the opinion does not prescribe it. 540 U.S. 388 (2003).

III. Conclusion

Wherefore, I ask for this Court, in the interest of justice, to grant Defendant's request for full resentencing.

Dated: Danbury, CT
August 13, 2018

Respectfully submitted,

\_\_\_\_\_/s/_____

Cassandra Cean
Pro Se
Danbury Federal Prison Camp
33 1/2 Pembroke Road
Danbury, CT 06811

Footnotes:

\* Contrary to the Government's instant response, Impac Funding Corporation is not "one of the victims in the case." See ECF DE 318, Order adopting report and recommendation. Impac Funding Corporation committed actionable misconduct against Impac Secured Asset Series 2007-2 Trust, the victim, and is the cause of the victim's loss. See Expert witnesses Calva's Report in Evidence, Exhibit D-1, ECF 259; Calva's Supplemental Report dated 11/18/2015, ECF DE 260-3, and Calva's Summons and Complaint, United States v. Impac Secured Assets Corp., et al, ECF DE 327 pgs. 38-41.

\*\* Defendant opposes Government's further request for additional time. In the Government's response requesting for a conversion of Defendant's instant motion into a 2255, it did not oppose any of the issues and arguments raised in the Defendant's motion, despite additional time granted by the Court to do so. Moreover, the Government fails to address that a section 2255 petition would be impermissible based on Defendant's requested relief. (Restitution orders cannot be challenged through a habeas petition because a monetary fine is not a sufficient restraint on liberty to meet the 'in custody requirement [of 28 U.S.C. Section 2255(a)], even if raised in conjunction with a challenge to a sentence of imprisonment." See John Fazio, Jr., v. United States, 16-cv-7792 (KBF) (S.D.NY. 2018) (quoting United States v. Boyd, 407 Fed. App'x 559, 560 (2d Cir. 2011). The same goes for order of forfeiture. See John Fazio, Jr. v. United States, 16-cv-7792 (KBF)(S.D.N.Y 2018) (quoting Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003).