UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                11 CR 00449 (SJ) (RER)

    - against -                    MEMORANDUM
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            & ORDER

CASSANDRA CEAN,

               Defendant.
------------------------------------------------------------X

**JOHNSON, Senior District Judge:**

Defendant Cassandra Cean ("Defendant" or "Cean") moves this Court to reconsider its January 16, 2018 order (Dkt. No. 318) and to grant her a full resentencing. Based on the parties' submissions and the foregoing reasons Cean's motion is DENIED.

### BACKGROUND

Following a jury trial, Cean was convicted of four counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, for her role in a mortgage fraud conspiracy. On June 20, 2014 this Court sentenced Cean to

1

87 months imprisonment and three years supervised release (Dkt. No. 204). It also ordered Cean to pay $1,205,355 in restitution. (*Id.*)

Cean appealed the judgment, arguing *inter alia*, that the Court had erred in calculating the restitution amount. The Second Circuit affirmed the judgment but remanded for the "limited purpose of permitting entry of the revised restitution order." *See United States v. Browne*, 621 F. App'x 44, 49 (2d Cir. 2015). Following remand, the Court referred the restitution issue to Magistrate Judge Ramon E. Reyes. Following extensive briefing and a two-day hearing, Judge Reyes filed a Report and Recommendation ("Report"), in which he recommended that Cean be ordered to pay $243,148.51 in restitution to Impac Funding Corporation as the master servicer for Impac Secured Asset Series 1007-2 pursuant to the Mandatory Victims Restitution Act ("MVRA"). (Dkt. No. 295 at 1). On December 15, 2016, Cean filed a set of objections to the Report. (Dkt. No. 299). On January 16, 2018, the Court adopted the Report and Recommendation ("Report") in its entirety. (Dkt. No. 318).

Cean appealed the January 16, 2018 order. The Second Circuit affirmed the order on September 11, 2019. *United States v. Cean*, 771 F. App'x

81 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 874, 208 L. Ed. 2d 438 (2020), *reh'g denied*, 141 S. Ct. 1259.

Shortly after she filed an appeal, Cean filed the instant motion *pro se*. (Dkt. No. 327). She did not specify the basis for her motion, writing only that it was "not intended as a motion pursuant to 28 U.S.C. Section 2255." (Dkt. No. 327 at 1). Cean alleged that the restitution amount the Court adopted in its January 18, 2016 order contained calculation errors. She also argued that there were serious issues with the Guidelines calculations that merited a "full resentencing." (*Id.*).

On April 26, 2021, Cean filed a letter requesting that the Court address her motion at a previously scheduled hearing to amend the restitution amount. (Dkt. No. 343 at 1). Cean asked the Court to pay particular attention to the arguments on pages 8-10 of the motion. (*Id.*).[1] At the April 28, 2021 hearing the Court reserved decision on the motion. It addresses it now.

---

[1] The Court is unclear as to whether the Defendant is asking the Court to only consider the issues raised on pages 8-10 or to pay particular attention to them. The Court will consider all of the issues Cean raised in her May 24, 2018 motion.

**DISCUSSION**

Though previously represented, Cean filed this motion *pro se*. Accordingly, the Court construes the motion "liberally…reading [it] to raise the strongest arguments [it] suggest[s]." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted). Regardless, the motion is procedurally improper and cannot be granted.

Cean's motion most closely resembles objections to a magistrate judge's report and recommendation. As its main purpose is to object to Judge Reyes' Report and the processes underlying the recommendations as adopted by the January 16, 2018 order. Objections to a report and recommendation must be filed within fourteen days. *See* 28 U.S.C.A. § 636(b)(1). When objections are not filed timely the district court need not consider them. *See Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). Judge Reyes issued the Report on December 2, 2016. Thirteen days later Cean filed a first set of objections, objecting to the characterization of several entities as

victims entitled to restitution and to the sufficiency of the government's arguments. (Dkt. No. 299). Cean did not file these objections, which attacked the formula used to calculate the restitution amount and criticized the Guidelines calculations until almost six months later. Accordingly, the Court need not and will not consider Cean's second set of objections to the Report. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Moreover, the Court cannot fully resentence Cean because the mandate rule allows only for limited resentencing. When the Second Circuit "overturn[s] a sentence without vacating one or more underlying convictions and remand[s] for resentencing, the 'default rule' is that the remand is for limited, and not de novo, resentencing." *See United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013). A mandate should not be interpreted as calling for *de novo* review unless the Second Circuit clearly says so, or its intent is evidence from "the broader spirit of the mandate." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001). Accordingly, the rule "forecloses re-litigation of issues previously waived by the parties or decided by the appellate court…[and] precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Malki*, 718 F.3d at 182.

Here, the Second Circuit remanded "for the limited purpose of permitting entry of the revised restitution order." *See Browne*, 621 F. App'x at 49. The Second Circuit did consider sentencing issues, finding that "[u]pon review of the record, we find no unreasonableness—procedural or substantive." *Id.* at 48. Thus, upon remand the Court could only address the restitution issue. *See Ben Zvi*, 242 F.3d at 95 (finding the Second Circuit's mandate "unambiguously limited in scope" where the Second Circuit remanded only for reconsideration of the sentencing and the restitution order). Cean's motion, which requests a full resentencing, is an improper attempt to contravene the Second Circuit's limited mandate. The Court will not entertain it.

## CONCLUSION

For the foregoing reasons, Cean's motion for a full resentencing is denied.

SO ORDERED.

Dated: June 4, 2021
Brooklyn, New York

signed Sterling Johnson, Jr., U.S.D.J.
Sterling Johnson, Jr.
Senior U.S.D.J.